THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. FELIX GENTILE, DEFENDANT-APPELLANT.

Argued October 8, 1963—Decided October 22, 1963.

*Mr. Benedict E. Lucchi* argued the cause for defendant-appellant (*Mr. Donald R. Conway,* on the brief).

*Mr. William C. Brudnick,* Assistant Prosecutor of Bergen County, argued the cause for plaintiff-respondent (*Mr. Guy W. Calissi,* Prosecutor of Bergen County, attorney).

The opinion of the court was delivered

PER CURIAM. Defendant Felix Gentile and three other persons were involved in a series of armed robberies in Bergen and Hudson Counties. Accusations or indictments therefor were filed against them in both counties. Following a plea of *non vult* in Hudson County, Gentile was given a State Prison sentence. Subsequently he was brought to Bergen County for trial and there entered *non vult* pleas to five accusations, three for armed robbery, one for larceny and one for breaking, entering and larceny in that county. On these pleas he received an additional 3–5 year sentence in State Prison. About 20 months later he applied to the Bergen County Court for resentence on the ground that the 3–5 year sentence was excessive. The motion was denied following which an appeal was taken to the Appellate Division. We certified before the matter was argued there.

The suggestion in defendant's brief is that the sentence was excessive because his confederates, who, he claims, were more culpable, received less severe treatment. The term imposed

was well within the statutory limits established by the Legislature for the offenses involved, and there is nothing in the record to indicate that the trial court abused its discretion in imposing the sentence. It is therefore unnecessary for us to consider the underlying questions whether a defendant may challenge a sentence on the ground here suggested, *cf. State v. Johnson*, 67 *N. J. Super.* 414 (*App. Div.* 1961), and if so, whether the challenge may be made on the basis of illegality after the prescribed period within which a sentence may be reduced has expired. *R. R.* 3 :7–13; *cf. State v. Johnson, supra* (67 *N. J. Super.*, at *p.* 430).

The order is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.