STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, *v.* ALFRED HICKS, DEFENDANT-APPELLANT.

Argued June 2 and 3, 1969—Decided July 7, 1969.

*Mr. Rudolph J. Rossetti,* Assistant Prosecutor, argued the cause for respondent (*Mr. A. Donald Bigley,* Camden County Prosecutor, attorney).

*Mr. Charles Lee Harp, Jr.,* argued the cause for appellant.

PER CURIAM. Defendant appeals, by leave of this Court, from the denial of his petition for post conviction relief. He alleges that his sentence of 20 to 25 years was excessive.

Defendant, Alfred Hicks, together with Lester Gardner, was indicted for the murder of Richard Lukasiak. Defendant pleaded *non vult* on May 2, 1966. On May 10, 1966, after a trial in which Hicks testified as a witness for Gardner, the latter was found guilty of second degree murder. On May 23, 1966 Gardner was sentenced to 25 to 30 years and Hicks to 20 to 25 years. However, Gardner's conviction was reversed on appeal and his case remanded for retrial. *State v. Gardner,* 51 *N. J.* 444 (1968). On remand, the murder indictment against Gardner was dismissed upon his plea of guilty to an accusation of manslaughter. On March 14, 1968, a six to eight year sentence was imposed on him.

We recognize that a sentence of one defendant not otherwise excessive is not erroneous merely because a co-defendant's sentence is lighter. *State v. Gentile,* 41 *N. J.* 58 (1963) ; *State v. Tyson,* 43 *N. J.* 411 (1964). However, grievous inequities in sentences destroy a prisoner's sense of having been justly dealt with, as well as the public's confidence in the even-handed justice of our system.

■ Although the term imposed upon Hicks was within the statutory limits for the offense involved, under the peculiar facts here present, including: the fact that Gardner's original sentence exceeded Hicks'; the acceptance of Gardner's manslaughter plea with the acquiescence of the Prosecutor and his sentence of six to eight years by a judge other than the original sentencing judge and, who interposed a fresh analysis of the facts surrounding the homicide; an independent re-examination by this Court of the evidence of the Gardner trial with an eye to the contribution of Gardner and Hicks to the argument which culminated in the homicide, which examination disclosed that the incident which gave rise to the homicide, had its inception in a belligerent, provocative, racial and personal slur by the deceased to Gardner, a much smaller and slighter man, and although not of a nature to require a manslaughter conviction, had the patent capacity and apparent intention of arousing and goading Gardner's ire; their respective participations in the killing; and an examination of the presentence reports which show not only an absence of any criminal record but an outstanding personal record as well, we find that his sentence was manifestly excessive. See *State v. Bess,* 53 *N. J.* 10 (1968). Accordingly, Hicks' term should be reduced to coincide with that imposed upon Gardner, *i. e.,* to a term of not less than six nor more than eight years with full credit for time served in county and state prisons.

Reversed and remanded for action consistent with the foregoing.

*For reversal and remandment* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN. — 7.

*For affirmance* — None.