114 N.J. Super. 57 (1971)
274 A.2d 830
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EUGENE BRUNETTI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 1, 1971.
Decided March 8, 1971.
*58 Before Judges GOLDMANN, LEONARD and FRITZ.
Mr. Arthur M. Shara, assigned counsel, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
*59 Mr. Solomon Forman, Assistant Prosecutor, argued the cause for respondent (Mr. Robert N. McAllister, Jr., Atlantic County Prosecutor, attorney; Mr. Ernest M. Curtis, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by GOLDMANN, P.J.A.D.
Defendant appeals from sentences entered on guilty pleas to two indictments charging him with illegal possession of heroin and illegal sale of marijuana, both under N.J.S.A. 24:18-4, arguing that the sentences should be vacated. We affirm.
Defendant was charged in October 1969 under indictment 76-69S with illegal possession of heroin and illegal sale of heroin to one Bond, an undercover agent, on May 31, 1969. He was charged the same day under indictment 77-69S with illegal possession of heroin on June 5, 1969.
On March 4, 1970 he retracted his original pleas of not guilty and pleaded guilty to the heroin sale count of 76-69S and to 77-69S. When the pleas were about to be accepted, the prosecuting attorney advised the trial judge there were additional charges pending against defendant, but that the grand jury had not yet returned indictments. The trial judge commented, "that is not before me." And when defense counsel later on told the judge he had spoken to the assistant prosecutor that morning and mentioned hearing that other indictments might be in the offing, the judge again said, "That is not before me." Counsel continued in a critical vein, stating that the assistant prosecutor told him he did not know much about any other charges pending against defendant  "[he] shrugged his shoulders with the attitude that he knew nothing of them. Now he does know of it." The judge again commented, "I am not interested in that."
The following day, March 5, 1970, defendant was charged under indictment 362-69J with illegal possession of marijuana and illegal sale of marijuana to one Perozzi, another state agent, on May 20, 1969, and under indictment 363-69J *60 with illegal possession of heroin and illegal sale of heroin to Perozzi on June 1, 1969.
On April 10, 1970 defendant appeared for sentencing on the two original indictments and was sentenced to 2-3 years in State Prison and fined $300 on each indictment. The prison sentences were suspended and defendant placed on probation for concurrent three-year terms.
A month later, on May 7, 1970, defendant retracted his not guilty pleas and pleaded guilty to the marijuana sale count of 362-69J and the possession of heroin count of 363-69J.
On June 5, 1970 the same judge who had presided at all the prior proceedings sentenced defendant to 2-3 years in State Prison and fined him $300 on each of indictments 362-69J and 363-69J, the sentences to run consecutively. In addition, he amended the earlier sentences of April 10, 1970 to reduce the fine in each instance from $300 to $25. Defendant appeals the June 5 sentences.
Defendant argues that all charges and indictments against him should have been consolidated, and the failure of the the State to do so was a denial of his Sixth Amendment right to a speedy trial. He relies on Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970).
It is defendant's theory that the trial judge, acting upon defense counsel's representations at the March 4, 1970 hearing, should have postponed the hearing until all relevant matters were before the court. He implies that he was prejudiced by the return of new indictments the day after he pleaded guilty to the earlier ones, especially where all the indictments cover a two-week period of time.
Defendant's reliance on Dickey is misplaced. In that case the accused was not tried until some seven years after the crime, although the State was aware of his whereabouts during that entire period. He had repeatedly and unsuccessfully petitioned the State to secure a day certain for his trial. The Supreme Court vacated his sentence on the ground that a defendant's right to a speedy trial is a fundamental *61 one, and there is a concomitant duty on the part of the prosecuting authorities to provide such a prompt inquiry. 398 U.S. at 38, 90 S.Ct. 1564. In addition, there was evidence that defendant had suffered substantial prejudice since, in the seven-year interim, two potential defense witnesses had died and police records were lost. Id.
The case before us presents a totally different situation. There is no evidence that defendant ever moved for a trial day certain under R. 3:25-2. The time span is entirely different. In any case, defendant voluntarily pleaded guilty, so that we fail to see how the issue of a speedy trial is in any way involved.
Although we find no error in this aspect of the case, we deem it appropriate to observe that a prosecutor, in the orderly transaction of the business of his office, should be familiar with all current charges pending against a particular defendant and all matters that will shortly be presented to the grand jury involving him. Thus, when the accused comes before the court for sentencing on charges to which he has pleaded guilty, as here, the prosecutor should at least call the entire situation to the attention of the judge, who may wisely decide to postpone sentencing until all matters are ready and before the court.
Defendant conceives that State v. Johnson, 109 N.J. Super. 69 (App. Div. 1970), may present a ground for obtaining the relief he seeks. That case involved a second offender sentence problem. There is no such issue projected by the facts on this appeal.
Defendant also claims that the sentence was manifestly excessive, pointing out that one Garber was indicted in a companion possession and sale of heroin case and that, represented by his own brother, he received a suspended sentence although the drugs involved were worth far more than those involved in defendant's offenses. He further contends that all the transactions to which he pleaded guilty were part of one over-all offense.
*62 Ordinarily, an appellate court will not review a sentence within statutory limitations unless the term imposed is unduly punitive. State v. Brown, 46 N.J. 96, 108 (1965). The power to review should be exercised with "extreme care." State v. Cox, 101 N.J. Super. 470, 475 (App. Div. 1968), certif. den. 53 N.J. 510 (1969).
There was no over-all offense here, but four separate offenses on four different dates, two involving different undercover agents. Cf. State v. Juliano, 52 N.J. 232, 234, n. 1 (1968). As for the Garber sentence, defendant's sentence, not otherwise excessive, will not be deemed erroneous merely because another man's sentence was lighter. State v. Hicks, 54 N.J. 390, 391 (1969).
The sentences here under review were within the statutory minimum. We do not find them unduly punitive in the circumstances. Cf. State v. Washington, 113 N.J. Super. 184 (App. Div. 1971).
Affirmed.