**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0964-22

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

SAMUEL TOLBERT, a/k/a
SAM TOLBERT, and
SAMUEL J. TOLBERT,

      Defendant-Appellant.

_____

Argued December 13, 2023 – Decided December 27, 2023

Before Judges Vernoia and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 16-03-0235.

Kayla Elizabeth Rowe, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Kayla Elizabeth Rowe, on the briefs).

Boris Moczula, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney

General, attorney; Boris Moczula, of counsel and on the brief).

PER CURIAM

Defendant Samuel Tolbert pleaded guilty to the first-degree armed robbery of a Washington Township gas station and the court imposed a ten-year sentence subject to the requirements of the No Early Release Act, N.J.S.A. 2C:43-7.2. On the direct appeal from his sentence, defendant argued in part the court erred in its calculation of jail credits, but we rejected that argument and others made on his behalf, and we affirmed his conviction and sentence. State v. Tolbert, No. A-0405-18 (App. Div. Feb. 11, 2020).

Defendant filed a timely post-conviction relief (PCR) petition generally alleging he was denied the effective assistance of plea counsel. Defendant later filed an amended verified petition asserting in part he was entitled to PCR for the reasons set forth in PCR counsel's brief "as well as" defendant's "pro se brief."[1]

---

[1] Defendant's appendix on appeal includes PCR counsel's brief to which defendant refers in the amended verified petition. The appendix does not include defendant's pro se brief to which he refers in the amended verified petition. The absence of defendant's pro se brief in the record on appeal is in accord with Rule 2:6-1(a)(2), and defendant does not make any arguments on appeal requiring consideration of his pro se brief to the PCR court.

2

Relying on a detective's report, PCR counsel's brief to the trial court summarized the facts supporting the charge against defendant—first-degree armed robbery. More particularly, counsel explained a Washington Township detective had reported that gas station attendant Pawam Jung Rayamajhi "was held up at gun point by a white male and white female." According to the detective's report, the male had worn "a black hoodie with CSI wording on the front, a bandana across his face, and yellow work gloves."

The detective's report further explained the male had entered the gas station store holding a handgun, which he pointed at Rayamajhi while directing Rayamajhi to open the cash drawer. The male removed approximately $600 from the drawer after it was opened.

The female removed several packs of cigarettes and lottery tickets from behind the counter. As explained in PCR counsel's brief, the detective reported the female dropped a cigarette package as she exited the store and a fingerprint recovered from that package was later determined to be a positive match for Natashia Johnson. After exiting the store, the male and female ran to a "waiting vehicle" in the store's parking lot. Johnson later provided a statement to the

3

police inculpating defendant and another individual, Geana M. Carr, in the commission of the robbery.[2]

A surveillance recording captured the robbery and showed the male "holding a small revolver and wearing a black sweatshirt with 'CSI' on the front." An "Evidence Examination Request Worksheet" completed by the Washington Township detective who investigated the robbery stated the sweatshirt "was . . . found on the side of the road" and requested a DNA test of the sweatshirt. An "Evidence Receipt" for the sweatshirt was later completed by the New Jersey State Police Office of Forensic Sciences. The receipt generally describes the gas station robbery, notes the suspect had held a small revolver and had worn a "black sweatshirt with 'CSI' on the front," and states the sweatshirt was "found outside the gas station and [is] believed to have been worn by the suspect." It is undisputed that subsequent testing of the sweatshirt revealed defendant's DNA.

Based on those facts, defendant argued plea counsel was ineffective by failing to move to suppress the sweatshirt on grounds it was seized unlawfully

---

[2] Counsel's brief submitted to the PCR court, that defendant incorporated by reference into his amended verified petition, explained that Carr pleaded guilty to second-degree conspiracy to commit robbery and testified she agreed with defendant and Johnson to commit the robbery, acting as the "getaway driver."

without a warrant.  Defendant also claimed the court imposed an illegal sentence because it did not grant defendant jail credits to which he claimed he was entitled.  Defendant further asserted that plea counsel was ineffective by failing to argue defendant's ten-year sentence was grossly disproportionate to the five-year sentences imposed on Johnson and Carr.

The PCR court heard argument on defendant's PCR petition.  In a decision from the bench, the court found defendant's claim plea counsel was ineffective by failing to move to suppress the sweatshirt lacked merit because the sweatshirt had been abandoned and, therefore, there was no basis to assert its warrantless seizure was improper.  The court was also unpersuaded by defendant's claim his sentence was illegal.  The court explained defendant's contention he had not been awarded jail credits to which he was entitled had been rejected on his direct appeal.  The court further determined defendant otherwise failed to sustain his burden of establishing his plea counsel was ineffective and entered an order denying the PCR petition without an evidentiary hearing.  This appeal followed.

In his merits brief on appeal, defendant presents the following arguments:

> POINT I
>
> PLEA COUNSEL AND PCR COUNSEL WERE BOTH INEFFECTIVE WITH RESPECT TO THE APPROPRIATE CHALLENGE TO THE

SWEATSHIRT RECOVERED AT OR NEAR THE GAS STATION.

POINT II

THE PCR COURT FAILED TO CALCULATE CUSTODY CREDIT.

POINT III

THE PCR COURT FAILED TO ADEQUATELY ADDRESS PLEA COUNSEL'S FAILURE TO ARGUE FOR A MORE PROPORTIONAL SENTENCE FOR [DEFENDANT].

In his brief in reply to the State's opposition, defendant presents the following arguments:

POINT I

THE SWEATSHIRT ISSUE NEEDS TO BE ADJUDICATED: THE PCR COURT MUST DEVELOP THE FACTS ON THE RECORD AND, WITH THE ASSISTANCE OF NEW COUNSEL, [DEFENDANT] SHOULD BE ALLOWED TO PRESENT AN APPLICABLE LEGAL ARGUMENT.

POINT II

THE SENTENCING CREDIT ISSUE MUST BE RESOLVED[] BECAUSE THE PCR COURT MADE NO FINDINGS ON THE DATES THAT WILL CONTROL THE CREDIT TO WHICH [DEFENDANT] IS ENTITLED.

6

POINT III

THE PROCEDURAL BARS DO NOT APPLY HERE.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. We may "conduct a de novo review" of the court's "factual findings and legal conclusions" where the PCR court has not conducted an evidentiary hearing. Id. at 421; see also State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). We apply these standards here.

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Court established a two-part standard, later adopted under the New Jersey Constitution by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), to determine whether a defendant has been deprived of the effective assistance of counsel. Under the standard's first prong, a petitioner must show counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88.

Under the "second, and far more difficult prong of the" Strickland standard, State v. Gideon, 244 N.J. 538, 550 (2021) (quoting State v. Preciose,

7

129 N.J. 451, 463 (1992)), a defendant "must show that the deficient performance prejudiced the defense[,]" State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. 687). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694). Proof of prejudice under Strickland's second prong "is an exacting standard." Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). A defendant seeking PCR "must affirmatively prove prejudice" satisfying the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693).

Where, as here, a defendant alleges counsel was ineffective during a criminal proceeding in which the defendant pleaded guilty, satisfaction of Strickland's second prong requires the presentation of evidence showing "'a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" State v. O'Donnell, 435 N.J. Super. 351, 376 (App. Div. 2014) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). A defendant must further demonstrate that "had he

been properly advised, it would have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (citing Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

A failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition founded on an ineffective assistance of counsel claim. Strickland, 466 U.S. at 700. "With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012) (citations omitted).

Defendant has abandoned his claim plea counsel was ineffective by failing to move to suppress the sweatshirt based on grounds it was seized during an improper warrantless search. Defendant acknowledges plea counsel was not ineffective by failing to make a meritless motion, see State v. O'Neal, 190 N.J. 601, 619 (2007) (explaining "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion"), and he concedes there is no basis in law or the pertinent facts supporting a claim that the seizure of the sweatshirt violated the constitutional protections against unreasonable searches

and seizures, see generally State v. Vanderee, 476 N.J. Super. 214, 229-30 (App. Div. 2023).

Instead, for the first time on appeal, defendant argues plea counsel was ineffective by failing to challenge the admissibility of the sweatshirt on grounds that the State could not prove a proper chain of custody of the sweatshirt. And, recognizing the newly minted argument was not presented to the PCR court, defendant claims he is entitled to a remand for the court to consider and determine whether PCR counsel was ineffective by failing to argue that plea counsel was ineffective by failing to investigate or challenge the chain of custody of the sweatshirt.

Defendant's argument is founded on the singular contention there were grounds to challenge the chain of custody because the Washington Township detective's "Evidence Examination Request" stated the sweatshirt was found "on the side of the road" and the State Police receipt for the sweatshirt stated the sweatshirt was found "outside the gas station." Based on what he claims are those inconsistent reports as to where the sweatshirt was found, defendant argues PCR counsel should have argued that plea counsel was ineffective by failing to move to suppress the sweatshirt on chain-of-custody grounds.

A-0964-22

Defendant's right to the effective assistance of counsel includes the right to the effective assistance of PCR counsel. State v. Rue, 175 N.J. 1, 18-19 (2002). PCR counsel was obligated to investigate claims that support defendant's PCR petition and advance them on defendant's behalf. State v. Webster, 187 N.J. 254, 257 (2006). The remedy for an alleged failure of PCR counsel to provide effective assistance "is a new PCR proceeding," State v. Vanness, 474 N.J. Super. 609, 626-27 (App. Div. 2023), because "resolution of claims against PCR counsel generally involves matters outside the record," id. at 627; see also State v. Armour, 446 N.J. Super. 295, 317 (App. Div. 2016).

The record presented on appeal does not permit a determination as to whether plea counsel erred by failing to challenge the chain of custody of the sweatshirt such that we may assess whether PCR counsel was ineffective by failing to argue plea counsel was ineffective under the Strickland standard. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent of the evidence must present evidence sufficient to support a finding that the item is what its proponent claims." N.J.R.E. 901. The State bore that burden of proof as to the sweatshirt.

To satisfy its burden of establishing the proper foundation for admission of the sweatshirt, the State was required to "show[] . . . an uninterrupted chain

of possession." State v. Brunson, 132 N.J. 377, 393 (1993). Stated differently, "where the incriminating object has passed out of the possession of the original receiver and into the possession of others, the 'chain of possession' must be established to avoid any inference that there has been substitution or tampering." State v. Brown, 99 N.J. Super. 22, 27 (App. Div. 1968).

Defendant does not point to sufficient evidence in the record on appeal supporting a determination that PCR counsel was ineffective by not asserting that plea counsel erred by failing to challenge the chain of custody of the sweatshirt. The claimed contradiction between the detective's statement—in the "Evidence Examination Request"—that the sweatshirt was found on the street and the State Police laboratory's reference—in its receipt for the sweatshirt—that the sweatshirt was found outside the gas station does alone establish a break in the chain of custody such that we may conclude defendant had a meritorious argument supporting a chain-of-custody challenge. Indeed, it is unclear if the two statements are, in fact, contradictory. In our view, they are not necessarily inconsistent or contradictory; they both could be true and accurate and there may be additional evidence not included in the record pertinent to a proper chain of custody determination.

In any event, we do not offer an opinion on the merits of defendant's newly minted claim PCR counsel was ineffective by failing to argue plea counsel erred by not challenging the chain of custody of the sweatshirt. We determine only that the record on appeal does not permit a proper disposition of defendant's claim PCR counsel was ineffective, and resolution of the claim "involves matters outside the record," that "are better suited for a PCR petition." Vanness, 474 N.J. Super. at 627. Defendant's ineffective assistance of counsel claim against PCR counsel may therefore be pursued under the Strickland standard in a separate PCR petition filed in accordance with the requirements of Rule 3:22-12(a)(2). Ibid.; see also Armour, 446 N.J. Super. at 317.

We are also unpersuaded by defendant's claim the court erred by rejecting his claim his sentence is illegal because he was not awarded jail credits to which he claims he is entitled. The claim is without sufficient merit to warrant discussion, R. 2:11-3(e)(2), other than to note it is barred under Rule 3:22-5 because the identical argument was raised and rejected on defendant's direct appeal,[3] see State v. Marshall, 173 N.J. 343, 351 (2002) (explaining Rule 3:22-5

---

[3] During oral argument on defendant's direct appeal, his counsel expressly raised defendant's claim the sentencing court erred by failing to award jail credits "from the time of [defendant's] arrest until the date of his sentence" based on the court's finding he also served a sentence for a parole violation during a

precludes "consideration of an argument presented in a [PCR] proceeding . . . if the issue is identical or substantially equivalent to that adjudicated previously on appeal" (citations omitted)).

We are also unpersuaded by defendant's contention the court erred by rejecting his claim that plea counsel was ineffective by failing to argue defendant received a sentence disproportionate to Johnson's.[4]  As noted, the court imposed a ten-year sentence on defendant's conviction for the first-degree robbery to which he pleaded.  See N.J.S.A. 2C:43-6(a)(1) (providing an ordinary sentencing range of ten to twenty years for a conviction of a first-degree offense).  The sentence was in accordance with defendant's plea agreement and is the minimum sentence within the statutory range for first-degree offenses.[5]  See ibid.  Johnson also pleaded guilty to first-degree robbery pursuant to a plea

---

portion of the time.  Defendant made the identical argument in support of his PCR petition, and makes it again on this appeal, but we rejected the argument and affirmed defendant's sentence on his direct appeal.  Tolbert, slip op. at 1.

[4]  Defendant does not argue on appeal his sentence was disproportionate to the sentence imposed on Carr.  We therefore do not address Carr's sentence.

[5]  Defendant does not argue there is evidence supporting a determination he was entitled to sentencing within the second-degree range as permitted under N.J.S.A. 2C:44-1(f)(2).

agreement permitting the court to impose a five-year sentence within the range for a second-degree offense as authorized under N.J.S.A. 2C:44-1(f)(2).

We recognize that "[d]isparity [in sentencing] may invalidate an otherwise sound and lawful sentence." State v. Roach, 146 N.J. 208, 232 (1996). However, a sentence "is not erroneous merely because a co-defendant's sentence is lighter." Ibid. (quoting State v. Hicks, 54 N.J. 390, 391 (1969)). The primary issue presented by a sentencing disparity claim is "whether the disparity is justifiable or unjustifiable." Id. at 233. A court must determine "whether the co-defendant is identical or substantially similar to the defendant regarding all relevant sentencing criteria," ibid., and if "'there is an obvious sense of unfairness in having disparate punishments for equally culpable perpetrators,'" id. at 232 (quoting State v. Hubbard, 176 N.J. Super. 174, 177 (App. Div. 1980)).

Defendant correctly notes the PCR court did not make express findings supporting its rejection of his claim plea counsel was ineffective by failing to argue the court incorrectly imposed a sentence on defendant that he claims is disproportionate from Johnson's sentence. Even in the absence of such findings, our de novo review of the issue in the absence of an evidentiary hearing, Harris, 181 N.J. at 421, permits our consideration and rejection of defendant's claim.

Most simply stated, although defendant and Johnson both pleaded guilty to first-degree robbery, defendant's sentence is not impermissibly disparate from Johnson's because defendant and Johnson are not substantially similar under the relevant sentencing guidelines. Roach, 146 N.J. at 233. Johnson cooperated with law enforcement from the outset, implicating herself and defendant in the commission of the robbery and agreeing to continue her cooperation as a condition of her plea agreement. Defendant offered no similar cooperation, and it can be reasonably inferred that Johnson's cooperation with law enforcement assisted the State in obtaining Johnson's plea to the first-degree robbery charge.

Johnson's criminal history included only convictions for disorderly persons offenses. In contrast, defendant had numerous juvenile adjudications, three prior criminal convictions, including a conviction for aggravated manslaughter, and defendant was on parole when he committed the gas station robbery. Moreover, defendant wielded the gun during the robbery and threatened the gas station attendant with it. Johnson did not.

Additionally, defendant pleaded guilty to first-degree robbery and the court imposed the minimum permissible sentence for that offense, see N.J.S.A. 2C:43-6(c), in accordance with his plea agreement. The court could only have imposed a five-year sentence on defendant if he presented evidence he was

16

entitled to be sentenced within the second-degree range as permitted under N.J.S.A. 2C:44-1(f)(2). Defendant does not argue such evidence existed and the record, including defendant's significant prior criminal record, does not disclose any basis for a meritorious argument he was entitled to be sentenced to the five-year term within the second-degree range to which Johnson was sentenced in accordance with her plea agreement under N.J.S.A. 2C:44-1(f)(2). In other words, the court lacked any basis in the record to sentence defendant under N.J.S.A. 2C:44-1(f)(2) to the same five-year sentence imposed on Johnson.

Plea counsel was not ineffective by failing to make a meritless disparate sentencing argument. O'Neal, 190 N.J. at 619. The PCR court therefore correctly rejected that claim and denied defendant's petition.

To the extent we have not expressly addressed any of defendant's remaining arguments, they are without sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0964-22